# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MANUEL SAUCEDO LOPEZ, | |
| Petitioner, | 2:01-CV-0406-RCJ-NJK |
| vs. | ORDER |
| TIMOTHY FILSON, *et al.*, | |
| Respondents. | |

On August 21, 2017, respondents filed a motion to dismiss (ECF No. 139) with respect Lopez's second amended habeas petition (ECF No. 126) in this case. With that motion respondents raise timeliness and procedural default as procedural defenses to Lopez's petition and his individual claims. Lopez has filed a response to the motion (ECF No. 165), but he has also filed a motion asking the court to defer briefing on his procedural arguments regarding (1) actual innocence, and (2) *Martinez v. Ryan*, 566 U.S. 1 (2012), until the filing of his reply to the State's answer to the petition. ECF No. 161. Lopez argues that deferred briefing on actual innocence and *Martinez* is warranted "due to considerations of judicial economy and economy of the parties." *Id.*, p. 3.

With respect to using *Martinez* as a means of overcoming the procedural default of individual ineffective assistance of trial counsel claims, the analysis is intertwined, to a large extent, with the analysis of the underlying merit of the claim. *See Martinez*, 566 U.S. at 14 ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel

claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.") Accordingly, it makes sense to defer ruling on the *Martinez* issue until the merits of the grounds are briefed in respondents' answer, Lopez's reply, and respondents' response to Lopez's reply.

Unlike *Martinez*, which implicates only procedurally defaulted ineffective assistance of trial counsel claims, a claim of actual innocence can be asserted as a ground to excuse the procedural default or the untimeliness of virtually any claim. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."). Indeed, it appears as if Lopez to intends to make such an argument. *See* ECF No. 161, p. 3 ("Lopez intends to argue that his innocence of the offense excuses any procedural impediments to the consideration of the claims in his petition."). *Cf. Castillo v.Filson*, Case No. 2:04-cv-00868-RCJ-GWF, Order [on Motion to Dismiss] at 27 (filed March 2, 2016), ECF No. 184 at 27 (deferring the briefing on actual innocence with respect to two particular claims). This court is unable to discern how considerations of judicial economy or economy of the parties call for a deferral of briefing on the question of actual innocence.

IT IS THEREFORE ORDERED that petitioner's "Motion for Extension of Time to Brief Actual Innocence and *Martinez v. Ryan*, 566 U.S. 1 (2012)" is GRANTED in part and DENIED in part. Subsequent to this court's decision on respondents' motion to dismiss (ECF No. 139), respondents' answer on the merits with respect to any remaining procedurally defaulted ineffective assistance of trial counsel claims shall address both the merits of the claim and petitioner's cause to overcome state procedural bars based on *Martinez*. Petitioner shall respond accordingly in his reply, and respondents may reply in their response to petitioner's reply. Petitioner's request to defer briefing with respect to actual innocence is denied.

IT IS FURTHER ORDERED that respondents' unopposed motion for an extension of time

(ECF No. 167) is GRANTED. Respondents shall have until **March 30, 2018**, to file and serve their reply to in support of their motion to dismiss (ECF 139) and response to petitioner's motion for leave to conduct discovery and evidentiary hearing (ECF 166).

IT IS FURTHER ORDERED that, in all other respects, the scheduling order entered on June 28, 2016 (ECF No. 124), shall remain in effect.

DATED: *February 6, 2018.*

_____
UNITED STATES DISTRICT JUDGE