UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MANUEL SAUCEDO LOPEZ, | Case No. 2:01-cv-00406-RCJ-NJK |
|---|---|
| Petitioner, | ORDER |
| v. | |
| WILLIAM GITTERE,[1] et al., | |
| Respondents. | |

On September 27, 2018, this court entered an order granting in part and denying in part respondents' motion to dismiss Lopez's second amended petition for writ of habeas corpus (ECF No. 139). ECF No. 182. Petitioner Lopez has filed a motion for partial reconsideration of that order. ECF No. 183. With that motion, he asks the court to revisit its decision to dismiss as untimely certain Brady[2] claims contained in his second amended petition (in particular, Grounds 2.A, 2.B, and 2.C (part)). For the reasons that follow, the court will deny the motion.

1. *Application of 28 U.S.C. § 2244(d)(1)(D).*

Lopez argues the court erred, in finding Grounds 2.A and 2.B untimely, because it applied 28 U.S.C. § 2244(d)(1)(D) in a manner that was arbitrary and without legal support. Grounds 2.A and 2.B are claims that the State presented false testimony and failed to disclose material exculpatory and impeachment information relating to two of its witnesses -- Arturo Montes (2.A) and Maria Lopez (2.B). Section 2244(d)(1)(D) requires

---

[1] William Gittere is substituted for Timothy Filson as the warden of Ely State Prison. See Fed. R. Civ. P. 25(d).

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

that a claim be filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Lopez contends the court misapplied § 2244(d)(1)(D) by focusing on when the "much" of the evidence or when the "critical" evidence supporting the claims was obtained by the petitioner.

Lopez is correct in the sense that the date the evidence is obtained is not necessarily germane to the triggering date under § 2244(d)(1)(D). Instead, as respondents point out, the relevant date is when the petitioner knew, or should have known, of the facts supporting the claim. *See Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) ("The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered.").

Lopez's only argument suggesting that the relevant facts supporting Grounds 2.A or 2.B could not have been known to him prior to November 28, 2005 (i.e., one year prior to filing the petition containing the grounds) is that evidence he obtained in 2006 "revealed that Montes had fraudulently procured a driver's license using an alias and that he further lied on the application by using a false name, false Social Security number, and false birth date." ECF No. 183, p. 6. For reasons explained in the court's prior order (ECF No. 182, p. 13-15), Lopez can hardly claim that it was the discovery of this evidence that finally provided him with the factual predicate for Ground 2.A. *Cf. Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001) (remanding case for a determination as to "when with the exercise of due diligence Hasan could have discovered . . . [the] factual predicate to support the prejudice prong of his ineffective assistance of counsel claim"). Thus, the court stands by its § 2244(d)(1)(D) analysis of Grounds 2.A and 2.B.[3]

---

[3] In his reply in support of his motion for reconsideration, Lopez faults the court for not "definitively stat[ing] at what point [he] actually knew or should have known the facts to raise the prosecutorial misconduct claim." ECF No. 191, p. 12. Lopez is correct that the court has not identified a specific date. It has, however, given ample reasons for finding that the date is prior to November 28, 2005. ECF No. 182, p. 13-17.

2. *Ground 2 as one consolidated claim.*

Lopez argues that this court erred by treating Grounds 2.A, 2.B, and 2.C, as presenting separate individual claims rather than one consolidated prosecutorial misconduct claim. According to Lopez, he separated Ground 2 by topic for ease of reference, not because each topic represents a separate claim. He contends that, because federal law requires a habeas court to assess the cumulative effect of *Brady* violations, this court must consider the ground as a unified claim.

The only *Brady* claim this court found timely is the portion of Ground 2.C alleging the State presented false testimony and improperly withheld evidence in relation to the processing of hair evidence. ECF No. 182, p. 18. Lopez's argument might have some merit if the additional *Brady* claims in Ground 2 were more closely related, factually, to this timely claim. *See Valdovinos v. McGrath*, 598 F.3d 568, 575 (9th Cir. 2010) (finding amended *Brady* claims related back to claim in original petition because each was "of the same type-exculpatory information the government had in its file-that the government failed to disclose at the required time"). Because the facts underlying the untimely claims are sufficiently different, the court declines to treat the *Brady* claims in Ground 2 as a unified claim.

3. *Equitable tolling.*

Lopez argues that court neglected to address his arguments that he is entitled to equitable tolling from the time he filed his initial timely petition until the time formal discovery in this case was closed. In addition, he argues that the decision of the Ninth Circuit Court of Appeals in *Williams v. Filson*, 908 F.3d 546 (9th Cir. 2018), is an intervening change in controlling law that warrants reconsideration of his equitable tolling claims.

Addressing the latter first, this court agrees that, based on *Williams*, Lopez is arguably entitled to equitable tolling from 2001, when he filed his initial petition, until June 23, 2005, when the Supreme Court decided *Mayle v. Felix*, 545 U.S. 644 (2005). The court in *Williams* concluded that Williams was entitled to equitable tolling from

3

August 29, 1998, and September 17, 1999, because, during that time, he reasonably relied on the unsettled state of the law "when he assumed that the claims asserted in his amended petition would relate back to the claims asserted in his original April 1998 petition." *Williams*, 908 F.3d at 559-61. The factors the court cited as supporting Williams's reasonable reliance were (1) the absence of case law in August 1998 suggesting that the relation back doctrine might serve to bar his amended claims and (2) the court's scheduling orders that contemplated Williams would be permitted to add new claims to his petition without concern that the claims could be time-barred. *Id.*

The problem for Lopez is that he did not file his amended petition containing his new *Brady* claims until November 28, 2006, more than seventeen months after the issuance of *Mayle*. Once *Mayle* was decided Lopez was on notice that "newly added claims might not relate back and could therefore be deemed untimely." *Id.* at 561. In this court's view, even a generous interpretation of *Williams* would provide, at most, a new one-year period beginning with the issuance of *Mayle*. Thus, *Williams* does not support sufficient equitable tolling to render Lopez's amended *Brady* claims timely.

For the period between *Mayle* and the filing of his amended petition, Lopez contends that equitable tolling is warranted due to his reliance on this court's scheduling orders and the State's failure to disclose evidence. With respect to the former he relies upon *Sossa v. Diaz*, 729 F.3d 1225 (9th Cir. 2013), and *Prieto v. Quarterman*, 456 F.3d 511 (5th Cir. 2006).

Relying on *Prieto*, the court of appeals in *Sossa* held that the lower court should have granted equitable tolling to a *pro se* habeas petitioner who had sought and obtained extensions of time to file an amended petition beyond the statutory deadline. 729 F.3d at 1235. The court reasoned that Sossa's request to extend the due date for his amended petition was premised "on the understanding that if the request were granted and [he] filed his amended petition by the new due date, the petition would be deemed timely," and that "[b]y granting Sossa's request . . . , the magistrate judge conveyed that the premise of Sossa's request was accurate." *Id.* at 1233. According to

the court in Sossa, "the magistrate judge's order granting Sossa's extension request affirmatively misled him in the very manner that the Supreme Court's decision in Pliler v. Ford,[4] and our decisions in Ford and Brambles,[5] require." Id. (footnotes added).

Sossa is distinguishable from this case. For one, Sossa was proceeding pro se with scant legal resources and filed his amended petition only eighteen days after the statutory deadline. 729 F.3d at 1227-28. In addition, Sossa's initial petition contained no substantive claims. 729 F.3d at 1227. So, in granting Sossa's requests for additional time, the magistrate judge was, in essence, setting a new deadline for Sossa's initial petition. Not only were the court's extensions "affirmatively" misleading, the denial of equitable tolling would have meant the complete dismissal of Sossa's case, a harsh result under the circumstances.

Here, Lopez had filed an initial petition containing numerous substantive claims. ECF No. 1. Lopez had benefit of experienced counsel who specialize in federal habeas law, but nonetheless waited seventeen months after the issuance of Mayle to file his amended petition. Lopez is correct that the court entered several orders, post-Mayle, that permitted him additional time to complete discovery prior to filing an amended petition. The court did not, however, affirmatively mislead Lopez. Filing an amended petition does not necessarily involve bringing claims that do not share a common core of operative facts with existing claims. Given Mayle's clear holding, Lopez was obliged to recognize the time constraints on bringing claims that did not relate back to his initial petition.

This court is also not persuaded that the State's alleged failure to disclose evidence justifies equitable tolling. As discussed in the order deciding the motion to dismiss, Lopez was aware of the underlying facts giving rise to his Brady claims well before November 28, 2005. While he may have still been pursuing discovery beyond that date, he was not *required* to complete discovery before filing an amended petition.

---

[4] 542 U.S. 225 (2004).

[5] *Brambles v. Duncan*, 412 F.3d 1066 (9th Cir. 2005)

5

Similarly, he was free to continue collecting evidence in support of his claims after filing his amended petition.

In addition, this case bears only faint resemblance to King v. Bell, 378 F.3d 550 (6th Cir. 2004), the primary case Lopez relies upon to support his position. In King, the State's failure to comply with an initial order to provide a transcript of voir dire proceedings necessitated a modified scheduling order in which "the court ordered, with the State's concurrence, that King's petition be due 15 days after the transcripts were provided." King, 378 F.3d at 553. Despite King's timely compliance with the order, the district court granted the State's motion to dismiss the entire petition on statute of limitation grounds. Id. at 552. The court of appeals in King found that the petition was late "*only* because the government did not comply timely with a court order to produce voir dire transcripts." Id at 553 (emphasis in original). In granting equitable tolling, the court recognized the inequity of the State delaying production of relevant evidence, "agreeing to a court-approved extended filing schedule, and then sandbagging [the defendant] with a statute of limitations defense." Id. at 554.

No similar unfairness occurred here. Unlike in King, the filing of the operative petition in this case was not directly tied to a specific event or occurrence over which the State had exclusive control. Instead, Lopez, aware of the facts underlying his Brady claims and presumably the Mayle holding, continued to litigate discovery issues, to little apparent avail, while his deadlines for those claims, under § 2244(d)(1)(D), passed. In short, it cannot be said that the State's conduct was an "extraordinary circumstance [that] stood in his way and prevented timely filing." See Holland v. Florida, 560 U.S. 631, 649 (2010).

The court denies equitable tolling with respect to Lopez's Brady claims.

4. *Grounds 2.A and 2.B relate back.*

Lopez argues that Ground 2.A and Ground 2.B are timely because they relate back to claims the court found timely – i.e., Ground 2.C and Ground 11.V. As noted above, the timely portion of Ground 2.C is a claim that the State presented false

6

testimony and improperly withheld evidence in relation to the processing of hair evidence. Ground 11.V is claim that trial counsel provided ineffective assistance of counsel because he failed to file a timely notice of appeal from the trial court's denial of his motion for a new trial. ECF No. 126, p. 313-14.

Lopez's arguments notwithstanding, neither Ground 2.A nor Ground 2.B shares a "common core of operative facts" with Ground 11.V. *Mayle*, 545 U.S. at 664. Ground 2.C was not in a timely filed petition to which Ground 2.A or Ground 2.B could relate back. It was timely only because the court concluded that Lopez did not uncover operative facts in support of the claim until June 2006. ECF No. 182, p. 17-18. In any case, neither Ground 2.A nor Ground 2.B "arise from the same core facts" as Ground 2.C. *Mayle*, 545 U.S. at 657. Thus, the court rejects Lopez's relation back argument.

IT IS THEREFORE ORDERED that petitioner's motion for partial reconsideration (ECF No. 183) is DENIED.

IT IS FURTHER ORDERED that petitioner's motion to correct clerical error (ECF No. 190) is GRANTED. The court's order of September 27, 2018, (ECF No. 182) is corrected to state that Ground 2 (**except 2.A, 2.B, and 2.C**) is procedurally defaulted.

IT IS FURTHER ORDERED that respondents shall have **sixty (60) days** from the date on which this order is entered within which to file their answer to the remaining claims in petitioner's second amended petition (ECF No. 126). In all other respects, the scheduling of this matter is governed by the scheduling order entered June 28, 2016 (ECF No. 124).

IT IS FURTHER ORDERED that petitioner's motion for extension of time (ECF No. 189) is GRANTED *nunc pro tunc* as of December 10, 2018.

DATED THIS 26 day of FEBRUARY, 2019.

_____
UNITED STATES DISTRICT JUDGE