UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MANUEL SAUCEDO LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM GITTERE, *et al.*,<br><br>Respondents. | Case No. 2:01-cv-00406-RCJ-NJK<br><br>ORDER |

Respondents have filed a motion for clarification with respect to this court's order of September 27, 2018 (ECF No. 182), deciding their motion to dismiss (ECF No. 139). ECF No. 205. As grounds for their motion, respondents indicate they are unclear as to what parts of Ground 2 and a related ineffective assistance claim (Ground 11.X) have survived dismissal and remain before the court for a decision on the merits.

Most of the confusion centers on Ground 2.B, which alleges prosecutorial misconduct relating to one of the State's primary witnesses, Maria Lopez, who was petitioner's wife and the mother of the victim. In moving to dismiss claims in Lopez's second amended petition, respondents conceded that Grounds 2.B.5.i & j were not procedurally defaulted, which this court recognized in ruling on the motion to dismiss. ECF No. 139, p. 39; ECF No. 182, p. 21. Respondents did not, however, concede that those parts of Ground 2.B were timely. ECF No. 139, p. 35. Instead, the only part of Ground 2.B for which respondents admitted timeliness was the part challenging the

State's grant of immunity to Maria. *Id.* This court agreed and, accordingly, ruled that Ground 2.B was time-barred except for that lone part. ECF No. 182, p. 28.

With respect to the remainder of Ground 2, the court clarified in a prior order that, in addition to Ground 2.C, Grounds 2.A and 2.B are not procedurally defaulted. ECF No. 192, p. 7. Even so, Ground 2.A is time-barred. ECF No. 182; p. 7-8, 13-15, 28. As noted in the preceding paragraph, Ground 2.B is time-barred except for the part challenging the State's grant of immunity to Maria. Ground 2.C is time-barred except for the part alleging the State offered false testimony and failed to disclose evidence in relation to the processing of hair evidence. *Id.*, p. 17-18. The remaining parts of Ground 2 are dismissed as procedurally defaulted and/or time-barred. *Id.*, p. 28. Finally, Ground 11.X is time-barred except to the extent Lopez alleges ineffective assistance of counsel in relation the aforementioned part of Ground 2.C that is not time-barred. *Id.*

IT IS THEREFORE ORDERED that petitioner's motion for clarification (ECF No. 205) is GRANTED. As explained above, the surviving parts of Ground 2 are the following: (1) the part of Ground 2.B challenging the State's grant of immunity to Maria Lopez[1] and (2) the part of Ground 2.C alleging the State offered false testimony and failed to disclose evidence in relation to the processing of hair evidence. Ground 11.X is dismissed as time-barred except to the extent Lopez alleges ineffective assistance of counsel in relation the surviving part of Ground 2.C that is not time-barred.

IT IS FURTHER ORDERED that respondents shall have **30 days** from the date on which this order is entered within which to supplement their answer to address these remaining claims in petitioner's second amended petition (ECF No. 126). Petitioner shall have **45 days** following service of the supplement to file and serve a reply to petitioner's answer and supplement. Respondents shall thereafter have **30 days** following service of a reply to file and serve a response to the reply. In all other respects, the scheduling

---

[1] This claim is essentially the same claim Lopez raised in Ground 13.A of his second amended petition. ECF No. 126; p 96-97, 321-22. The respondents have answered Ground 13.A on the merits. ECF No. 207, p. 35-36.

2

of this matter is governed by the scheduling order entered June 28, 2016 (ECF No. 124).

IT IS FURTHER ORDERED that respondents' motions for extension of time (ECF Nos. 201/202/203) are GRANTED *nunc pro tunc* as of their respective filing dates. Petitioner's unopposed motion to stay (ECF No. 209) is DENIED as moot in light of the foregoing.

DATED THIS 23rd day of December, 2019.

_____
UNITED STATES DISTRICT JUDGE